UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

CHARITY S.,[1]                                              Case No. 6:20-cv-00205-MK

      Plaintiff,                          **OPINION
AND ORDER**

  v.

COMMISSIONER, Social Security
Administration,

      Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

   Plaintiff Charity S. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for disability

insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction

to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have

consented to allow a Magistrate Judge to enter final orders and judgment in this case in

accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For

the reasons that follow, the Commissioner's final decision is REVERSED and this case is

REMANDED for an immediate calculation and payment of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in November 2016 with an alleged onset date of March 17, 2012. Tr. 18.[2] Her claims were denied initially and upon reconsideration. *Id.* Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in December 2018. *Id.*; Tr. 33–59. In January 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 15. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 4. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 37 years old at her alleged onset date. Tr. 201. She completed education through tenth grade and has past relevant work as a stocker and cashier. Tr. 193. Plaintiff alleges disability based on a combination of mental and physical impairments, including rickets, bone spurs, and anxiety. Tr. 192.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 15.

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, hypertrophic osteophytosis bilateral acetabular margins, history of rickets, bilateral carpal tunnel syndrome, lumbar and cervical degenerative disc and joint disease and lumbar radiculopathy, and osteoarthritis of multiple joints. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 22. The ALJ found that Plaintiff had the RFC to perform sedentary work with the following limitations:

> [She can] lift[] and carry[] 10 pounds occasionally and less than 10
> pounds frequently, stand[] and/or walk[] two hours of an eight-
> hour workday, and sit[] six hours of an eight-hour workday. She is
> limited to occasional climbing, balancing, stooping, kneeling,
> crouching, and crawling. She is limited to frequent bilateral
> handling, grasping, fingering, and feeling.

Tr. 22–23.

At step four, the ALJ found that Plaintiff had no past relevant work as defined by the

regulations. Tr. 26. At step five, the ALJ found, in light of Plaintiff's age, education, work

experience, and RFC, a significant number of jobs existed in the national economy such that

Plaintiff could sustain employment despite her impairments. *Id.* The ALJ thus found Plaintiff

was not disabled within the meaning of the Act. Tr. 27.

## DISCUSSION

Plaintiff asserts that remand is warranted for three reasons: (1) the ALJ erred by

improperly rejecting Plaintiff's subjective symptom testimony; (2) the ALJ failed to identify

legally sufficient bases to reject the lay witness statement; and (3) the ALJ erred in weighing the

medical opinion evidence. The Court addresses each argument in turn.

## I. Subjective Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Pl.'s

Op. Br. at 15–20. When a claimant has medically documented impairments that could reasonably

be expected to produce some degree of the symptoms complained of, and the record contains no

affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the

severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so."

*Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general

assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . .

testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v.*

*Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that while Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effect of these symptoms [were] inconsistent with an inability to sustain even sedentary exertion work." Tr. 24.

The Commissioner asserts Plaintiff stopped working for reasons unrelated to her impairments and therefore the ALJ was justified in her rejection of Plaintiff's testimony. Def.'s Br. 7–8, ECF No. 25. Specifically, the ALJ noted that Plaintiff provided conflicting statements

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

about how her last work ended, asserting in disability paperwork and testimony that she stopped due to her impairments, while other information indicated that she stopped due to the business's closure. Tr. 24.

The Ninth Circuit has held that where a claimant's alleged disability is not the reason the claimant stopped working, an ALJ may discredit a claimant's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Here, the record reflects that Plaintiff stopped her job for reasons unrelated to her impairment, namely that she stopped when her business location closed due to a roof collapse. *See* Tr. 40, 67–69, 367, 487. This was therefore a clear and convincing reason to discredit Plaintiff's subjective symptom testimony.

## II.    Lay Witness Testimony

Plaintiff next assigns error to the ALJ's evaluation of the lay witness statements. Pl.'s Op. Br. 20. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1114 (remaining citation omitted)). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). However, where the ALJ has provided clear and convincing reasons for rejecting the claimant's symptom testimony, and the lay witness has not described limitations beyond those alleged by the claimant, the ALJ's failure to provide germane reasons for rejecting lay testimony can be harmless. *Molina*, 674 F.3d at 1121–22.

The record contains a lay witness statement submitted by Plaintiff's former husband, Scotty B. Tr. 205–12. The ALJ assigned these statements "little evidentiary value" because Scotty B. did "not provide any specifics concerning how long the claimant could walk or stand for, how much she could lift, or issues with use of the hands." Tr. 23. Those were germane and specific reasons for assigning little weight to Plaintiff's lay witness. Accordingly, the Court finds the ALJ did not error in rejecting Plaintiff's lay witness statement.

## III.    Medical Evidence

Plaintiff contends that the ALJ improperly assessed the medical evidence of record. Pl.'s Op. Br. 3–10, ECF No. 24. The ALJ is responsible for resolving conflicts in the medical record, including conflicting doctors' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527, 416.927.[4] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another doctor can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a doctor's opinion is contradicted, however, the ALJ must provide "specific, legitimate reasons" for discrediting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quotation omitted).

---

[4] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

Donna Morgan, M.D., served as Plaintiff's treating pain specialist. Tr. 531. In her treating source statement, Dr. Morgan explained she had seen Plaintiff approximately every three months beginning in April 2017. *Id.* The doctor diagnosed Plaintiff with cervical spondylosis without myelopathy, lumbar radiculopathy, lumbosacral spondylosis without myelopathy, muscle spasm of back, other secondary osteoarthritis of multiple sites, rickets, and thoracic spine pain. *Id.*

The ALJ assigned Dr. Morgan's opinion little weight. Tr. 25. The Commissioner argues this was proper because the doctor's opinion (1) lacked evidence to support her findings prior to her date of last insured; and (2) was internally inconsistent with examination of Plaintiff.

### A.    Lack of Evidence During Relevant Period

As noted, the ALJ discounted Dr. Morgan's opinion based on the evidence during the relevant period. Tr. 25. Specifically, the ALJ noted Dr. Morgan's "treating relationship was established in April 2017 and there was evidence of only that one contact prior to the date last insured" and therefore discounted the doctor's opinion. *Id.* This was error. The Ninth Circuit has explained that "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). In other words, a "medical opinion may be relevant even if several years have passed between the date last insured and the date of the opinion." *Charlene S. v. Comm'r of Soc. Sec.*, 2020 WL 2190657, at *3 (W.D. Wash. May 6, 2020) (citing *Smith*, 849 F.2d at 1225); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.") (internal quotation marks and citation omitted). As such, assigning little weight to Dr. Morgan's opinion because a majority of Plaintiff's treating visits came after the insured period was not a legally sufficient rationale to reject the opinion.

B.        **Internal Inconsistency**

The ALJ also found that Dr. Morgan's opinion that Plaintiff used a "walker for

ambulation" was contradicted by her recommendation that Plaintiff "only [had a] slightly limited

strength in the bilateral grips and the left quadriceps and gastrocnemius—not global weakness—

and there [was] no indication that she required an assistive device." Tr. 25. An inconsistency

within a doctor's opinion can constitute a specific and legitimate reason to reject it. *See Johnson*

*v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (explaining that internal contradiction is a specific

and legitimate reason for rejecting a treating physician's opinion). Further, the more consistent

the opinion is with the evidence as a whole, the greater weight the opinion should be accorded.

20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

However, the ALJ failed to identify an actual inconsistency. Dr. Morgan's

recommendation that Plaintiff would benefit from use of a walker is not inconsistent with the

doctor's medical source statement, which was based on a detailed clinical interview, physical

exam, and thorough clinical findings. *See* Tr. 531–35. In other words, Plaintiff presenting with

limitations relating to her physical health impairments is in line with the doctor's observation

that Plaintiff could potentially benefit from use of a walker for ambulation.

The ALJ also contrasted Dr. Morgan's opinion with other evidence in the record, finding

her opinion unsubstantiated. Tr. 25. An independent review of the record, however, reveals Dr.

Morgan's opined limitations were well supported by other treating and examining physicians

during the relevant period. *See, e.g.*, Tr. 426 (Dr. Lamichhane, rheumatologist, January 2017:

assessing arthralgias in multiple sites, arthropathy multiple sites); Tr. 428–30 (Dr. Lamichhane's

ordered x-rays, January 2017: x-ray of cervical spine finding small marginal osteophyte

formulations from C4 through C7; x-ray of right elbow finding moderate ulnohumeral

osteoarthrosis, prominent traction enthesophyte at the triceps insertion, flaring deformity of the

distal radial metadiaphysis is in a nonspecific chronic finding, possibly posttraumatic; x-ray of

hips bilateral pelvis finding "severe hypertrophic osteophytosis of the bilateral acetabular

margins as can be seen in the setting of pincer-type femoroacetabular impingement); Tr. 420 (Dr.

Lamichhane, February 2017: assessing hypophosphatemia rickets, vertebral osteoarthritis,

osteoarthritis of both hips, osteoarthritis of knee); Tr. 448 (Dr. Kaplan, primary care, February

2017: assessing chronic pain); Tr. 453 (Dr. Tom, radiologist, April 2017: indicating rickets); Tr.

511 (Dr. Kaplan, August 2017: assessing chronic pain). Accordingly, this was not a specific and

legitimate reason to reject Dr. Morgan's opinion.

In sum, the ALJ failed to supply a specific and legitimate reasons to reject Dr. Morgan's

opinion.

## IV.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a

finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th

Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings

depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the

"three-part credit-as-true" analysis. *Garrison v. Coleman*, 759 F.3d 995, 1020 (9th Cir. 2014).

Under this analysis the court considers whether: (1) the ALJ has failed to provide legally

sufficient reasons for rejecting evidence; (2) the record has been fully developed and further

proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were

credited as true, the ALJ would be required to find the claimant disabled on remand. *See*

*Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met,

however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. The ALJ failed to supply legally sufficient reasons for rejecting Dr. Morgan's opinion. As to the second requisite, the record has been fully developed and further proceedings would not be useful. The VE testified that employers generally do not tolerate employees to miss "more than one day per month." Tr. 56. Thus, fully crediting Dr. Morgan's opinion that Plaintiff's impairments would lead to excessive absences of "more than four days per month," the third requisite is also satisfied. Tr. 534. As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

///

///

///

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this <u>29th</u> day of September 2021.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge